UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RHONDA HARGROVE-DAVIS,

    Plaintiff,
v.                               Case No. 8:18-cv-923-T-33CPT

STATE FARM MUTUAL AUTOMOBILE
INSURANCE,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss or Alternatively Motion to Strike (Doc. # 12), which was filed on September 11, 2018. Plaintiff Rhonda Hargrove-Davis had the opportunity to respond to the Motion but she elected not to. Therefore, the Court considers the Motion an unopposed Motion and grants the Motion for the reasons that follow.

**I.  Discussion**

Plaintiff Rhonda Hargrove-Davis claims that on May 23, 2016, her 2001 Chevrolet Suburban and trailer were involved in an accident in Ocala, Florida. (Doc. # 1 at 5). Hargrove-Davis was insured by State Farm and paid her insurance premiums. (Id. at 6). Hargrove-Davis's vehicle and trailer were towed and the bill was $4,600.00. (Id. at 5). Hargrove-

Davis was "shocked," the bill was not paid, and the vehicle and trailer were "crushed." (Id.). Hargrove-Davis claims that State Farm breached the insurance contract and on April 16, 2018, she filed a pro se Complaint against State Farm. (Doc. # 1). She seeks the following in damages: "Pain & Suffering $25,000.00, Bad faith $500,000.00, Property loss & damages $20,000.00 and Punitive Damages $1,000,000.00." (Id. at 6). The Court has authorized Hargrove-Davis to proceed in forma pauperis. (Doc. # 6).

State Farm filed an Answer on September 11, 2018, addressing the breach of contract claim, admitting that it is Hargrove-Davis's insurer, and admitting that "the amount claimed in the Complaint meets the amount in controversy requirement for diversity jurisdiction." (Doc. # 11 at 1-2). However, State Farm also filed a Motion to Dismiss or Alternatively Motion to Strike. (Doc. # 12). State Farm explains that it seeks to "eliminate the claims for relief or claims for damages based on apparent theories of bad faith, or any other causes of action other than breach of contract." (Id. at 3). Specifically:

> State Farm moves to dismiss or strike the claims or allegations where Plaintiff seeks damages for: "Pain & suffering $25,000, Bad faith $500,000.00 . . . and Punitive Damages $1,000,000.00." State Farm further seeks to dismiss or strike Plaintiff's

2

>claim for "compensatory damages for lost and wages (sic), physical and mental damages pain and distress, punitive damages for bad faith . . . [and] delay damages." Plaintiff's claims for "pain and suffering," "physical and mental damages pain and distress," "bad faith," "punitive damages, "delay damages," and "lost wages" are not permissible as a matter of law.

(Id.).

### A. Pain, Suffering, and Distress

State Farm points out that Hargrove-Davis was not in the automobile at the time of the car accident. (Id. at 2). And, there is no basis for "pain and suffering" or emotional distress damages when a Complaint alleges a breach of contract. See Kingston Square Tenants Ass'n v. Tuskegee Gardens, Ltd., 792 F. Supp. 1566, 1577 (S.D. Fla. 1992)(noting that under Florida law, "recovery is not permitted for mental pain and anguish unconnected with physical injury in an action arising out of the negligent breach of a contract whereby simple negligence is involved"). The Court accordingly grants the Motion by dismissing Hargrove-Davis's claims for "pain and suffering" and any damages claimed for "physical and mental damages pain and distress." (Doc. # 1 at 6).

### B. Punitive Damages

State Farm also argues that the Court should strike or dismiss Plaintiff's claim for punitive damages. In a

3

diversity case, the Court applies the substantive law of Florida. And, federal courts have recognized that the right to punitive damages is a substantive right governed by Florida substantive law. Florida Statute § 768.72 states:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend its complaint to assert a claim for punitive damages as allowed by the Rules of Civil Procedure. The Rules of Civil Procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on this issue of punitive damages.

In <u>Globe Newspaper Co. v. King</u>, 658 So. 2d 518 (Fla. 1995), the Supreme Court of Florida stated: "We read § 768.72 to create a substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages." Here, the Complaint does not provide any basis for recovery of punitive damages and Plaintiff has not complied with § 768.72. The Court accordingly dismisses Hargrove-Davis's claim for punitive damages.

### C. **Bad Faith**

Although the Complaint is submitted in a narrative format

and is not divided into distinct counts, the Court surmises that Hargrove-Davis intends to bring a claim against State Farm for bad faith. Specifically, she seeks $500,000.00 for "Bad faith." (Doc. # 1 at 4).

A claim of bad faith may arise in instances where an insurer is alleged to have breached its contractual duty of good faith. <u>Continental Cas. Co. v. City of Jacksonville</u>, 550 F. Supp. 2d 1312, 1335 (M.D. Fla. 2007). Under the law of Florida, the accrual of a claim for bad faith does not occur until liability and damages in the underlying contract claim have been determined. See <u>Blanchard v. State Farm Mut. Auto Ins. Co.</u>, 575 So.2d 1289, 1291 (Fla. 1991).

"Bringing a premature bad-faith claim is contrary to the Federal Rules of Civil Procedure. A plaintiff who has an as-yet unresolved claim for [insurance] benefits is not 'entitled to relief' on its claim for bad-faith." <u>Bele v. 21st Century Centennial Ins. Co.</u>, No. 6:15-cv-526-Orl-40GJK, 2015 WL 5155214, at *2 (M.D. Fla. Sept. 1, 2015). This Court dismisses the bad-faith claim without prejudice.

**II. <u>Jurisdictional Analysis</u>**

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."

5

Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). And "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Plaintiff asserts that this Court has diversity jurisdiction (Doc. # 1 at 3). And, Defendant's Answer reflects its agreement that the requirements for complete diversity of citizenship, including the amount in controversy, are satisfied. (Doc. # 11 at 1). However, the Court must carefully scrutinize whether it has jurisdiction over this case.

In the section of the Complaint titled "The Amount in Controversy" Plaintiff enumerates her claimed damages as follows: "Pain & suffering $25,000.00, Bad faith $500,000.00, Property loss & damage $20,000.00 and Punitive Damages $1,000,000.00." (Doc. # 1 at 4). The Court has dismissed the legally invalid claims for pain and suffering, the premature bad faith claim,[1] and the completely unsupported claim for punitive damages.[2] There is no basis in the facts or the law to support those claims. At bottom, this is a breach of contract case, and the amount Plaintiff claims for that alleged breach is only $20,000. That amount is well below the $75,000.00 amount in controversy requirement.

The Court is inclined to conclude that it lacks subject matter jurisdiction over this case. After stripping the Complaint of legally invalid and unavailable claims for excessive damages, what is left is a $20,000.00 breach of contract claim. It appears to the Court that such a claim is best pursued in state court. However, in an abundance of

---

[1] "[A] non-ripe bad faith claim has zero value with regard to the amount in controversy." Brown v. Safeco Ins. Co. of Ill., No. 6:13-cv-1982, 2014 WL 1478833, at *1 (M.D. Fla. Apr. 14, 2014).

[2] "Under Florida law, punitive damages are not recoverable for a breach of contract . . . claim." Carter v. Killingsworth, 477 Fed. Appx. 647, 648 (11th Cir. 2012).

caution, the Court directs the parties to provide jurisdictional briefing by **October 10, 2018.** See Bradley v. Kelly Servs., Inc., 224 Fed. Appx. 893, 895 (11th Cir. 2007)("Dismissal of a case brought under 28 U.S.C. § 1332 is proper where the pleadings make it clear to a legal certainty that the claim is really for less than the jurisdictional amount.").

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant State Farm Mutual Automobile Insurance Company's Motion to Dismiss or Alternatively Motion to Strike (Doc. # 12) is **GRANTED**.

(2) The parties shall supply the Court with jurisdictional briefing by **October 10, 2018.**

**DONE** and **ORDERED** in Tampa, Florida, this <u>2nd</u> day of October, 2018.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

8